UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD<br>1201 Connecticut Ave NW, Suite 531<br>Washington, DC 20036,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br>2707 Martin Luther King Jr Ave SE<br>Washington, DC 20528-0525<br><br>and<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>500 12th Street SW,<br>Washington, DC 20536-5009<br><br>        Defendants. | No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff National Immigration Project of the National Lawyers Guild ("National Immigration Project"), including its project End SIJS Backlog Coalition (the "Coalition"), by its undersigned counsel, brings this action against Defendants the Department of Homeland Security ("DHS") and Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") pursuant to the Freedom of Information Act, ("FOIA"), 5 U.S.C § 552(a), *et seq.*, seeking declaratory and injunctive relief to compel Defendants' compliance with the requirements of FOIA and the immediate release of improperly withheld records.

As part of its work aiding immigrant children who are entitled to special immigration juvenile status ("SIJS"), many of whom are unaccompanied alien children ("Unaccompanied

Children"), Plaintiff made a simple FOIA request for a memorandum titled "Unaccompanied Alien Children Joint Initiative Field Implementation" (the "Memorandum"), as well as any and all subsequent ICE guidance or memoranda related to the implementation of the joint initiative announced in the Memorandum (the "FOIA Request"). The information Plaintiff requested is essential for advancing its research, educating the public, and advocating on matters impacting immigrant children, including Unaccompanied Children—an urgent public concern that significantly affects the well-being of thousands of children. While Defendants granted Plaintiff's fee waiver request, it unlawfully declined expedited processing of the FOIA Request and ignored the deadline for responding to Plaintiff's FOIA Request. Plaintiff now brings this suit to compel Defendants to produce records responsive to its FOIA Request.

## NATURE OF THE ACTION

1. Plaintiff National Immigration Project is a leading national non-profit and advocacy organization dedicated to, among other things, protecting the rights of immigrant children and shedding light on issues facing children pursuing SIJS, a humanitarian form of immigration relief created by an act of Congress in 1990.

2. A minor is eligible for SIJS status after a state court makes a judicial finding that the minor was neglected, abused, or abandoned by his or her parent(s) and whose best interests are not to be returned to his or her country of origin. Once those findings are made, the minor can petition the United States Citizenship and Immigration Services ("USCIS") for SIJS, which offers a pathway to becoming a lawful permanent resident. There are currently over 100,000 SIJS beneficiaries impacted by a green card backlog. Plaintiff is working to end this backlog and help impacted children. Among other services, Plaintiff offers educational trainings to attorneys and other advocates who work with impacted children on SIJS petitions and related immigration

2

matters.  This includes providing training and guidance to legal practitioners representing children in immigration court removal proceedings in the immigration system that Defendants administer and that the requested records apply to.

3. On February 27, 2026, Plaintiff submitted the FOIA Request to ICE.  A true and accurate copy of Plaintiff's FOIA Request is attached as **Exhibit 1**. The FOIA Request provided a detailed justification for expedited processing under DHS regulations and appended multiple news articles as exhibits.  The exhibits highlight the urgency of addressing the needs of immigrant children, particularly Unaccompanied Children, considering the vulnerabilities of this population, ICE's changing policies and practices concerning treatment of Unaccompanied Children, and the humanitarian needs of immigrant children in general.  According to several of the articles, Unaccompanied Children are frequently survivors of violence, sexual abuse, persecution, or human trafficking.  Many Unaccompanied Children are entitled to various forms of immigration relief—indeed, many have been granted SIJS and are waiting for a visa to become available—but nevertheless remain vulnerable to arrest, detention, and deportation.

4. Rather than provide any meaningful consideration to Plaintiff's request for expedited processing, Defendants denied the request without any explanation of the basis for that decision other than stating that it did not meet DHS criteria for expedited processing.  Defendants also ignored the deadline for responding to Plaintiff's FOIA Request, which was April 10, 2025.  Plaintiff now brings this suit to compel Defendants to produce the records responsive to its FOIA Request.

## JURISDICTION & VENUE

5. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because Defendants improperly withheld agency records and the resolution of disputes under FOIA presents a federal question.

6. Venue in this District is proper pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(b)(1) and (b)(2) because Plaintiff is located in this District, Defendants are located in this District, and the agency records improperly withheld by Defendants are, on information and belief, situated in this District.

## PARTIES

7. Plaintiff National Immigration Project is a national 501(c)(3) non-profit organization that provides technical and litigation support to immigrant communities, legal practitioners, and advocates seeking to advance the rights of noncitizens. The Coalition is a project of the National Immigration Project. The Coalition is a national group of advocate organizations and youth with SIJS working to educate policy makers on the harmful impacts of visa caps on immigrant children and to advocate for an end to the SIJS backlog and the harms it creates.

8. Defendant DHS is a federal executive department responsible for public security that oversees, among other agencies, Defendant ICE. DHS is headquartered at 2707 Martin Luther King Jr Avenue SE, Washington, DC 20528.

9. Defendant ICE is a federal agency within Defendant DHS that enforces various statutes related to immigration, customs, and public security, including the arrest, detention, and removal of individuals who are in the United States unlawfully. ICE is headquartered at 500

4

12th Street SW, Washington, DC 20536. ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## LEGAL AND FACTUAL BACKGROUND

### I. FOIA Requires Prompt Response to a Request and Disclosure of Government Records Unless an Exemption Applies

10. FOIA "mandates that an agency disclose records on request, unless they fall within one of nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011); *see* 5 U.S.C. § 552(a)(3)(A), (b)(1)-(9).

11. FOIA imposes strict deadlines on agencies to provide documents responsive to FOIA requests. *See* 5 U.S.C. § 552(a)(6)(A). After an individual or organization submits a request, the agency must determine within twenty business days after the receipt whether records can be made available considering the nine statutory exemptions. *See id.* § 552(a)(6)(A)(i). An agency is entitled to one ten-business-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. *See id.* § 552(a)(6)(B)(i). If the request cannot be processed within the time limit notwithstanding the ten-day extension, the agency must notify the requester and may ask the requester to limit the scope of the request or to arrange an alternative timeframe for processing the request. *See id.* § 552(a)(6)(B)(ii).

12. FOIA requires the agency to make a reasonable effort to search for the requested records. *See id.* § 552(a)(1)(C). The agency also must immediately notify the requester of the agency's decision as to whether it will comply with the request, provide the reasons for its determination, and inform the requesting party of its right to appeal an adverse agency determination. *Id.* § 552(a)(6)(B)(ii). The agency "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that

the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*").

13. FOIA also requires an agency to produce records on an expedited basis when there is a "compelling need" for expedition. *See* 5 U.S.C. § 552(a)(6)(E)(i). The requester should be granted expedited processing if the requested records are urgently needed by an organization primarily engaged in disseminating relevant information to inform the public about actual or alleged federal government activity. *See id.* § 552(a)(6)(E)(v)(II); *see also* 6 C.F.R. § 5.5(e)(1)(ii) (DHS regulations).

14. If an agency denies a request for expedited processing, a requester has immediate standing to seek judicial review of the agency's decision. *See* 5 U.S.C. §552(a)(6)(E)(iii); *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 436 F. Supp. 3d 454, 358 (D.D.C. 2020) (exhaustion of administrative remedies not necessary to seek judicial review of a denial of expedited processing).

15. Even if an agency does not deny expedited processing, when an agency fails to make a determination within the twenty-day statutory time period, as required under 5 U.S.C. § 552(a)(6)(i), a requester "may file suit without exhausting administrative appeal remedies." *CREW*, 771 F.3d at 185–186 (observing that a letter acknowledging receipt of a FOIA request is not a "determination" for the purposes of the statutory deadline).

**II.  The Coalition Undertakes Research, Education, and Advocacy on Legal Issues Impacting Immigrant Children**

16. The Coalition has been engaged in research and advocacy on matters impacting immigrant children and youth since 2021.

17. The Coalition regularly publishes practice advisories for the bar, as well as reports for the bar, Congress, the media, and the general public which are disseminated to its members

as well as to large public audiences through national listservs and through its website, www.sijsbacklog.com.

18. The Coalition plans to share information obtained from this FOIA Request with its membership and with the bar more generally.

19. The National Immigration Project, where the Coalition is housed, is a national 501(c)(3) non-profit organization that provides training to the bar and the bench on immigration matters. The National Immigration Project has authored four treatises on immigration law.

20. In addition, National Immigration Project staff present and regularly publish practice advisories on immigration law topics. The advisories are disseminated to its members and the public through its website at www.nipnlg.org.

21. Plaintiff plans to use the information obtained from this FOIA Request to educate its membership, the bar, legal scholars, and the public more generally.

### III.     Plaintiff's FOIA Request

22. On February 27, 2025, Plaintiff submitted the FOIA Request to ICE, requesting a fee wavier and expedited processing. *See* Ex. 1 at 1, 4. Plaintiff's FOIA Request complied with DHS's regulations and ICE's internal procedures regarding the submission of FOIA Requests.

23. The FOIA request sought the Memorandum and "any and all ICE guidance or memoranda that have been issued since the above-described Memorandum's issuance that implement the joint initiative announced in the Memorandum." *Id.* at 1. The FOIA Request specified the basis of Plaintiff's belief in the existence of the Memorandum. Specifically, a news article from Reuters identified the document and described it as outlining an "unprecedented push to target migrant children who crossed the border illegally as unaccompanied minors" and

7

"lay[ing] out four phases of implementation."[1]  The FOIA Request cited to the article, as well as other related media articles and a DHS Inspector General Report related to the Memorandum.

IV. **The Public Records Plaintiff Requested from Defendants Are Important to the Public Interest and Merit Expedited Processing**

24. The treatment of immigrant children, and Unaccompanied Children in particular, has received extensive media coverage and is a matter of importance to the public.  Plaintiff is committed to disseminating information about the immigration system and children it impacts to interested members of the public.

25. Plaintiff's FOIA Request complied with Defendant DHS's regulations and Defendant ICE's internal procedures regarding the submission of FOIA Requests.

26. In the FOIA Request, Plaintiff discussed at length their entitlement to expedited processing under 5 U.S.C. § 552(a)(6)(E)(v)(II) because the requested data is urgently needed by an organization primarily engaged in disseminating relevant information to inform the public about actual or alleged federal government activity.  Plaintiff's FOIA Request explained the need for expedited processing based on the urgency of informing the public about federal government activity.  The FOIA Request explained that expedited processing was justified because delaying a response would compromise a significant public interest related to tens of thousands immigrant children currently facing potential ICE enforcement actions.  Specifically, "[d]elaying the release of the requested records regarding ICE's treatment of Unaccompanied Children is significant because it impacts attorneys' ability to effectively represent children in their immigration matters and advocate for their fair treatment." Ex. 1 at 6.  The Request further emphasized that,

---

[1] Marisa Taylor, Ted Hesson & Christian Cooke, Trump Officials Launch ICE Effort to Deport Unaccompanied Migrant Children, Reuter, Feb. 23, 2025, https://www.reuters.com/world/us/trump-administration-directs-ice-agents-find-deport-unaccompanied-migrant-2025-02-23/.

> "Obtaining this information is an important aspect of the examination of the functioning of our immigration system and its ability to respond to the needs and safety of vulnerable immigrant children in our communities. Without this information it is not possible to accurately understand the implementation and functioning of the joint initiative." *Id*. at 7.

27. The FOIA Request extensively described the wide media coverage of immigrant children and included as exhibits 18 publications, including 17 news media articles from major new outlets such as the *New York Times*, the *Wall Street Journal*, and *USA Today*. The appended articles highlight the public's significant interest in the treatment of Unaccompanied Children, the abuse and mistreatment Unaccompanied Children have suffered, and the current administration's focus on the issue. *See* Ex. 1 at 8–113.

28. Disclosure of the requested information will contribute significantly to the public's understanding of the federal government's policies and practices with respect to the treatment of immigrant children, particularly those seeking humanitarian relief.

29. The requested information will be used for educational purposes, to prepare practice advisories and reports, and to further the public understanding of the treatment of children in the U.S. immigration system.

30. The requested information is not currently available to the public.

## V.    ICE's Response to Plaintiff's FOIA Request

31. In an email sent on March 11, 2025, Defendant ICE acknowledged receipt of Plaintiff's FOIA Request (the "Response"). A true and accurate copy of Defendants' Response is attached as **Exhibit 2**.

32. The Response invoked the ten-business-day extension to the normal twenty-business-day response time for a FOIA request. *See* Ex. 2. Accordingly, Defendant ICE was required to respond to the FOIA Request by April 10, 2025.

33. The Response granted Plaintiff's fee waiver request, but denied the request for expedited processing. The Response provided no reasoning as to why the FOIA Request did not merit expedited processing. The Response instead merely parroted Defendant DHS's regulations governing requests for expedited processing and the factors for evaluating fee waivers.

34. Defendant ICE failed to provide any further response by the April 10, 2025, deadline. Plaintiff has received no other response from Defendant ICE as of the filing of this Complaint.

## **CLAIM FOR RELIEF**

**Violation of FOIA, 5 U.S.C. § 552, *et seq*.**

35. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

36. Defendants DHS and ICE are subject to FOIA under 5 U.S.C. § 551(1) and 5 U.S.C. § 552(f)(1).

37. Plaintiff's FOIA Request complied with DHS's regulations and ICE's internal procedures regarding the submission of FOIA requests.

38. The Memorandum and associated records subject to the FOIA Request constitute public records.

39. The Memorandum and associated records subject to the FOIA Request are within the actual or constructive control or possession of DHS and ICE.

40. Defendants DHS and ICE failed to claim that any exemption to FOIA applies to the requested records, and the requested records do not fall within any lawful FOIA exemption.

41. Defendants DHS and ICE violated FOIA when they denied Plaintiff's request for expedited processing.

42. Defendants DHS and ICE violated FOIA by failing to timely respond to Plaintiff's FOIA Request and adequately search for and disclose the requested public records.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

a) Declare that Defendants violated their obligations under the FOIA, 5 U.S.C. § 552, *et seq.*, when Defendants improperly denied Plaintiff's request for expedited processing and failed to produce the records responsive to Plaintiff's FOIA Request;

b) Enjoin Defendants from continuing to withhold records responsive to Plaintiff's FOIA Request;

c) Order Defendants to produce the records responsive to Plaintiff's FOIA Request "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii);

d) Order Defendants, to produce a Vaughn Index, should it seek to invoke a FOIA exemption, or alternatively, a Declaration under oath with facts sufficient to justify the withholding of any records responsive to Plaintiff's FOIA Request;

e) Award Plaintiff its reasonable attorney fees and other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

f) Grant Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted this 14 day of April 2025.

/s/ *James H. Weingarten*
James H. Weingarten (D.C. Bar No. 985070)
Milbank LLP
1850 K Street, NW, Suite 1100
Washington, DC 20006

Tel: (202) 835-7525
Fax: (202) 835-7593
jweingarten@milbank.com

Jonathan D. Lamberti (*pro hac vice* motion forthcoming)
Jeremy A. Ravinsky (*pro hac vice* motion forthcoming)
Milbank LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5748
Jlamberti@milbank.com
Jravinsky@milbank.com

*Attorneys for Plaintiff National Immigration Project of the National Lawyers Guild*